**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4859

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL GAYNOR,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (CR-05-29)

Submitted: January 27, 2006          Decided: February 14, 2006

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Shawn Angus Morgan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Gaynor pled guilty to conspiracy to manufacture five grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and § 841(c)(2), and four counts of possession of listed chemicals with reason to believe the chemicals would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). He was sentenced to a total of 95 months imprisonment, followed by four years of supervised release. On appeal, Gaynor asserts that the sentence imposed upon him by the district court was unreasonable and seeks resentencing. We affirm.

Under United States v. Booker, 125 S. Ct. 738 (2005), district courts are directed to calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C. § 3553(a), and impose a sentence. If a district court imposes a sentence outside the guideline range, it must state its reasons for doing so as required by 18 U.S.C. § 3553(c)(2). See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

Here, the district court, treating the guidelines as advisory, established a base offense level of twenty-six and granted a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-three. With a criminal history category of V, Gaynor's recommended guideline range was 84 to 100

months.  The court imposed a sentence of 95 months imprisonment. In doing so, the court found as follows:

> After considering the sentencing range recommended by the Advisory Federal Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), this Court finds that a sentence within the guideline range of 84 -105 months of imprisonment is reasonable.  Moreover, a sentence toward the higher end of that range of 95 months is appropriate given the nature and circumstances of the offense, the defendant's criminal history, the defendant's medical condition, the amount of meth involved and the danger that the defendant's behavior posed to the neighboring community.  To find otherwise would ignore the statutory objective of avoiding disparity between sentences and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  Further, a sentence toward the higher end is reasonable given the defendant's uncooperative posture with the Government during the investigation of this matter.  Although this behavior does not rise to the level to preclude acceptance [of responsibility], the sentence ought to recognize that he could have done more and did not do so.

J.A. 160 (internal quotation marks omitted).

On appeal, Gaynor claims that the 95-month sentence is unreasonable because the district court based it, at least in part, upon Gaynor's exercise of his Fifth Amendment privilege against self-incrimination and his refusal to fully cooperate with the authorities in their methamphetamine investigation. Gaynor did not assert this Fifth Amendment right at sentencing, nor otherwise object to the sentence on these grounds before the district court. Accordingly, we review his claim under the plain error standard. See United States v. Olano, 507 U.S. 725, 731-32 (1993) (appeals court will not notice unpreserved error unless error occurred, that

was plain, affected substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings).

In United States v. Rivera, 201 F.3d 99, 101-02 (2d Cir. 1999), relied upon by Gaynor, the defendant appealed the district court's imposition of a sentence which was within the guideline range because the court specifically attributed sixty months of the sentence to the defendant's failure to cooperate. The Second Circuit held that the increase was an unconstitutional penalty. This decision, however, placed the Second Circuit in disagreement with the Seventh Circuit, which has held that a district court is free to consider the defendant's failure to cooperate when assigning a sentence within the guideline range. See United States v. Price, 988 F.2d 712, 722 (7th Cir. 1993); United States v. Klotz, 943 F.2d 707, 710-11 (7th Cir. 1991). We have not yet addressed the issue of whether a defendant's rights under the Fifth Amendment limit the district court's discretion in selecting a sentence, either within or outside the guideline range. However, we are satisfied that Gaynor is not entitled to relief because he has not shown that plain error occurred in his case.

Accordingly, we affirm Gaynor's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED